(No: 5670.   February 26, 1931.)

W. C. POND, Plaintiff, v. WM. A. BABCOCK, a Judge of the District Court of the Eleventh Judicial District of the State of Idaho, Defendant.

[296 Pac. 596.]

J. H. Barnes, for Plaintiff.

Frank L. Stephan, for Defendant.

LEE, C. J.—Petition for a writ of mandate. On May 24, 1930, there was docketed in the clerk's office of Twin Falls county a judgment in favor of W. C. Pond, petitioner herein, and against one Carl L. DeLong and the U. S. Fidelity & Guaranty Company for the sum of $1891.70 and costs. The judgment having become final, and DeLong having "taken bankruptcy," a writ of execution was duly issued directed to the sheriff of Ada county, commanding him to satisfy the judgment out of a deposit held by the state treasurer theretofore delivered him by said Guaranty Company "to answer any default of said company as surety upon any such obligation established by final judgment upon which execution may lawfully be issued against said company": the deposit had been made at DeLong's instance under the provisions of chap. 236, 1927 Sess. Laws as amended by chap. 180, Laws of 1929.

Just about the same time that DeLong incurred his liability to petitioner, he incurred similar liabilities to one C. D. Gallentine, and to E. C. Muir & Co., and Clarence Winegar, each of whom during the pendency of petitioner's action

filed their respective actions against DeLong and his surety. Later, on July 22, 1930, Gallentine recovered judgment against DeLong for $1072 and on July 28th succeeding, Muir & Company and Clarence Winegar similarly scored for $716.

On July 9th previous, the surety company, anticipating the possibility of the two last-mentioned judgments, filed a suit in the district court of Twin Falls county against petitioner and the Ada county sheriff, praying the court to restrain the petitioner ''from executing his said judgment until the matter could be adjudicated as to whether he, the said Pond, should receive pro rate with the other claimants whose cases were at that time pending, and praying that he, the said Pond, pro rate with the other claimants, to-wit: Muir & Company, Winegar and Gallentine.'' In this action, Gallentine having secured his judgment was permitted to intervene.

After hearing upon the restraining order, His Honor, District Judge, Wm. A. Babcock, on August 15th denied the order but directed the surety company to deposit in court the full amount of the bond, $2,500, and directed the Ada county sheriff to return into court, unsatisfied, the execution theretofore issued him, to await the further order of the court pending determination of the main suit. According to the return, this action ''wherein the rights of the respective judgment creditors are to be determined is still pending and unfinished, and the said execution is still temporarily stayed, pending decision in the said matter, under the above order, for the purpose of protecting the plaintiff surety company from possible, irreparable harm and financial loss and until and for the purpose of determination as to whether the said judgment creditors should pro rate the amount of the bond in question.''

On September 5th following, petitioner moved the court for an order directing the clerk to issue another writ of execution, which motion was denied. Petitioner then sued out this alternative writ of mandate, insisting that, without a writ of execution, he ''cannot reach'' the surety's prop-

erty held by the state treasurer, and that, having exhausted his legal remedies, he "is without legal recourse" to obtain satisfaction of his judgment against either of his debtors.

A part of petitioner's argument is difficult to follow. He insists that he has no adequate and speedy remedy at law, and endeavors to avoid the plain provisions of C. S., sec. 7152, which awards him an appeal by citing *Newman v. District Court,* 32 Ida. 607, 610, 186 Pac. 922, holding in the specific case that the remedy of appeal was neither speedy nor adequate. But that very case declared, "The only question presented by an application for a writ of mandate is whether or not the defendant is refusing to perform a mandatory, ministerial duty." The merits of a judge's finding and order are never before this court in such a proceeding. It is axiomatic that every court of record has the power to control its own process. And the exercise of discretion in that regard is not reviewable except for patent abuse.

Here was a common fund in which separate creditors were clamoring to participate. That fund was by law established to protect each and every one in the same class. With a bill before him, setting up these claims and praying protection of the rights of the respective creditors, His Honor, well knowing that under the facts alleged one creditor might not avail himself of the fund to the exclusion of the others, proceeded in the exercise of his discretion to check further process until the rights of all could have been determined: for him to grant or refuse the motion by petitioner prayed was a matter involving a sound discretion: there was nothing ministerial about it.

What petitioner is trying to do, apparently, is to review in a *mandamus* proceeding questions of jurisdiction and merit which can be presented to this court only by *certiorari* or appeal. Witness the following contentions:

"The district court ought not to have entertained this suit, because the complaint does not state facts sufficient to warrant the interposition of a court of equity.

"Defendant in the common law action had an adequate remedy at law by an appeal to this court.

"The suit in equity amounts to a stay of execution, and is without authority of law.

"Defendant in the common law action made its election of remedies and must abide by the result."

To determine such questions, a writ of mandate is unavailable.

Writ denied; costs to defendant.

Givens, Varian and McNaughton, JJ., and Koelsch, D. J., concur.