COUNCIL v. CLEMMER.

No. 9535.

United States Court of Appeals
District of Columbia.

Argued Oct. 8, 1947.

Decided Dec. 29, 1947.

Mr. John J. Wilson, of Washington, D. C. (appointed by this court), for appellant.

Mr. Sidney S. Sachs, Asst. U. S. Atty., of Washington, D. C., with whom Mr. George Morris Fay, U. S. Atty., of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, CLARK, and WILBUR K. MILLER, Associate Justices.

CLARK, Associate Justice.

This is an appeal from an order of the District Court of the United States for the District of Columbia dismissing appellant's petition for writ of habeas corpus.

Appellant was convicted on a charge of robbery in the lower court and was sentenced in June, 1946, to imprisonment for a term of eight months to three years. No appeal was taken from the judgment imposed. Subsequently, on March 24, 1947, appellant filed the instant petition for writ of habeas corpus, setting forth as grounds for the petition the following alleged defects in the proceedings leading to his imprisonment:

1. That he was given a preliminary hearing but was denied assistance of counsel, which he did not waive.

2. That he was arraigned and pleaded not guilty in the absence of his counsel, although he did not waive the right to counsel.

3. (a) That he did not commit the crime of which he was convicted;

(b) That he was not identified by the complainant and that the evidence was insufficient to convict him;

(c) That he is informed and believes that the complaining witness and a detective told certain jurors, while the case was being tried, that he had a record.

4. That although he did not take the stand because of previous record of imprisonment, the prosecuting attorney was permitted to tell the jury he had a prison record, and this statement to the jury escaped the attention of his counsel due to the latter's deafness.

5. That he relied on counsel's assurance an appeal would be prosecuted and did not learn of counsel's failure in this respect until the time for appeal had lapsed.

Leave to file the petition was granted, and the petition was then dismissed. Appellant was thereafter granted leave to prosecute this appeal in forma pauperis.

Under the circumstances of a case such as this we are always disposed to allow wide latitude in consideration of the matter presented for our attention. The petitioner (appellant) is an unschooled citizen protesting the validity of the proceedings which resulted in his imprisonment. In preparing his petition he was aided only by a "next friend" whom he has not identified and whose legal qualifications are unknown. Doubt naturally arises as to whether or not petitioner has stated all of the facts helpful to his case in a manner calculated to meet peculiar necessities of the law circumscribing habeas corpus.

Generally speaking, the function of the writ of habeas corpus, which is of ancient origin in the common law and is given high sanction by our Constitution, is to afford a petitioner therefor a speedy and effective method of securing release when illegally restrained of his liberty. When directed to an inquiry into the cause of imprisonment in judicial proceedings, the scope of review extends only to questions affecting the jurisdiction of the court and the sufficiency in point of law of the proceedings. It is well established that petition for the writ may not be used as a substitute for an appeal or a writ of error. Bowen v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 455; McNamara v. Henkel, 226 U.S. 520, 33 S.Ct. 146, 57 L.Ed. 330; Kaizo v. Henry, 211 U.S. 146, 29 S.Ct. 41, 53 L.Ed. 125. However, the limitations upon the remedy afforded by habeas corpus should be flexible and readily available to prevent manifest injustice, for, as Mr. Justice Black has expressed it, the principles judicially established for the delimitation of habeas corpus action "must be construed and applied so as to preserve—not destroy—constitutional safeguards of human life and liberty." Johnson v. Zerbst, 304 U.S. 458, 465, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357.

This court appointed a distinguished member of the local Bar to present the case on behalf of appellant. His candid appraisal of the case and his learned discussion provided much beneficial assistance for the court. It was his frank opinion that the petition alone was not clearly sufficient to warrant a finding that the lower court abused discretion in summarily dismissing it. He strongly contended, however, that the fuller explanation of the basis for the petition found in the brief filed on appeal amplified the allegations in the petition to an extent that a hearing on the merits was justified. We agree with that contention. Bearing our obligation to look through the form and into the very heart and substance of the matter it is our opinion that the rudimentary demands of justice can only be served by remanding this case to the lower court for further proceedings. The petition may be amended in the interest of justice, and power to allow or require amendment lies with the lower court, particularly where, as here, the petition is incomplete by reason of petitioner's own inexpert draftsmanship. Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 85 L.Ed. 1392.

As we have noted previously, no appeal was taken from the judgment following conviction in the trial court. Appellant alleges that he received unqualified assurance from his counsel that an appeal would be prosecuted and relied on such assurance to his detriment, in that the failure of his counsel to file an appeal was not

discovered until after the time for appeal had elapsed. The failure of appellant's counsel in this regard is not alone ground for discharge on habeas corpus. Moore v. Aderhold, 10 Cir., 108 F.2d 729. An appeal is not a necessary element of due process of law, and it is not incumbent upon the trial court to see to it that defendant's counsel perfects an appeal. De Maurez v. Swope, 9 Cir., 104 F.2d 758. The time for appeal is relatively brief,[1] and we have accepted appellant's explanation of his failure to appeal from the judgment of the trial court in order that the more substantial contentions raised herein may be given proper attention. For if these contentions be true in fact, it is obvious that no other legal procedural remedy is available to grant deserved relief for a violation of constitutional rights. To deny corrective judicial process under such circumstances would be to promote injustice.

In the recent case of Dorsey v. Gill, 80 U.S.App.D.C. 9, 148 F.2d 857, this court concerned itself with the problem of an undue burden on the courts being created by a too solicitous attitude toward habeas corpus actions. The problem is of considerable importance and we must be careful, it is true, to avoid allowing the warping of habeas corpus process into a second chance appeal. Nevertheless, when the question is raised on or near the borderline of legal propriety we feel it must be resolved in favor of the petitioner. If such an attitude has as its consequence an occasional abuse of the facilities of the courts, that "is but a small price to pay for the precious right of access to the courts guaranteed under our system of government to all who claim to be wronged." Stephens, J., in In re Rosier, 76 U.S.App.D.C. 214, 230, 133 F.2d 316, 332.

The order is therefore reversed and the case remanded to the District Court for further proceedings on the petition as it may be amended, not inconsistent with our opinion.

Reversed and remanded.

[1] See Federal Rules of Criminal Procedure, rule 37 (a) (2), 18 U.S.C.A. following section 687.