378 P.2d 888

**H. Clay HUGHES, Jr., Plaintiff and Respondent,**

v.

**John W. TURNER, Warden, Utah State Prison, and Ernest D. Wright, Executive Director, State Board of Corrections, Defendants and Appellants.**

No. 9752.

Supreme Court of Utah.

Feb. 21, 1963.

A. Pratt Kesler, Atty. Gen., Gordon A. Madsen, Asst. Atty. Gen., Salt Lake City, for appellants.

H. Clay Hughes, Jr., pro se.

WADE, Justice.

This appeal is from an order granting the petition of H. Clay Hughes, Jr., for a writ of habeas corpus.

Petitioner H. Clay Hughes, Jr. is a prisoner in the Utah State Prison whose place of abode for the greater portion of his time since his commitment in November, 1960, has been in the maximum security wing of that institution, a place where most of the privileges granted more amenable prisoners are not available to those incarcerated in that wing. The inhabitants of that wing in addition to a curtailment of privileges are only given two meals a day of rather small portions, which they

are not allowed to supplement by purchases from the commissary. Complaint is also made that the mode of delivery of the food from the kitchen up a number of flights of steps which had to be pushed through grated openings in barred doors made the service unsanitary and the hot dishes cold by the time it reached the prisoners.

A number of complaints were made by petitioner about his treatment in the prison, but the court found only one complaint valid, and that was that respondents had violated the provisions of Sec. 64–9–26, U.C.A.1953 by failing to provide petitioner with sufficient quantity of food for his sustenance and comfort.

▆ We are of the opinion that the evidence is insufficient to sustain the granting of the writ on that ground. Although the evidence disclosed that prisoners in the maximum security wing were fed only rationed portions, and petitioner testified that he always felt hunger pangs, the uncontradicted testimony of the prison doctor disclosed there had been no cases of mal-

nutrition due to inadequate feeding for at least five years. Hunger pangs are necessarily subjective, and statements about such a condition without a concomitant physical result ascertainable by medical knowledge are not sufficient to warrant a court's interference with the internal affairs of a prison and the discretionary matters which are the prerogatives of the Board of Corrections in its administration of the prison, and to sustain a finding that such Board has violated the provisions of Sec. 64–9–26, U.C.A. 1953, requiring that "all diet, rations, clothing, beds and bedding shall be plain, of good quality and in sufficient quantity for the sustenance and comfort of the convicts." This court has held that in the absence of cruel and unusual punishment the writ should not be used to interfere with the management and control of internal affairs in the prison.[1]

The order granting the writ of habeas corpus is nullified.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

1. Chapman v. Graham, 2 Utah 2d 156, 270 P.2d 821, and Smith v. Turner, 12 Utah 2d 66, 362 P.2d 581. See also Ward v. Turner, 12 Utah 2d 110, 366 P.2d 72 for evidence sufficient for granting of writ in contradistinction to that sufficient for the granting of a new trial.