392 P.2d 279

Paul Andrew **MAHAFFEY**, Petitioner-Appellant,

v.

**STATE of Idaho, Defendant-Respondent.**

Nos. 9287–9411.

Supreme Court of Idaho.

May 11, 1964.

Allan G. Shepard, Atty. Gen., and Stephen W. Boller, Asst. Atty. Gen., Boise, for respondent.

McQUADE, Justice.

In 1962, petitioner-appellant, Paul Andrew Mahaffey, filed his first application for a writ of habeas corpus. He alleged that his constitutional rights were being violated in that he was being subjected to cruel and unusual punishment by the officials and guards of the Idaho State Penitentiary. This petition was denied by order of the trial court on December 5, 1962.

In 1963, petitioner again applied for a writ of habeas corpus. Although he was considerably more specific and detailed in his allegations, they were substantially the

Rulon R. Price, Idaho Falls, for appellant.

same as were contained in his previous petition. This petition was denied by order of the trial court on September 13, 1963. Petitioner takes his appeal from both denials.

Petitioner was convicted in the Eleventh Judicial District Court of the State of Idaho, Minidoka County, on two charges of robbery and one charge of escape from jail on September 22, 1953. For the robbery convictions, petitioner was sentenced to two terms of life imprisonment. For the conviction of escape from jail, the petitioner was sentenced to a five year term to commence at the expiration of the sentences for robbery.

Since his convictions, petitioner has been confined by or under the direction of the Warden of the Idaho State Penitentiary.

It would serve no useful purpose to set forth petitioner's allegations of cruelty in any great detail. Stated briefly, petitioner alleges that he has been beaten, denied medical care, forced to live under extremely unsanitary conditions, unjustifiably held in solitary confinement for prolonged periods of time and frustrated in his attempts to file his petitions for writs of habeas corpus.

The state denies petitioner's allegations. It intimates, however, that petitioner has been an unusually hostile prisoner and that certain disciplinary measures have been taken to insure prison harmony.

At this time, we are not much concerned with the truth or falsity of petitioner's allegations. As we pointed out in Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962), in examining the sufficiency of a petition for a writ of habeas corpus, all allegations set forth therein must be accepted as being true. Therefore, for purposes of this appeal, we assume that petitioner has been subjected to the various punishments and indignities set forth in his application.

It should be noted as a type of tribute to the men who manage our penitentiaries that cases involving alleged prison brutality are exceedingly rare. As a matter of fact, this marks the first time that this court has dealt with an application for a writ of habeas corpus on grounds of cruel and unusual punishment by prison authorities.

In the past, this court, in criminal cases, has tended to restrict its inquiry upon habeas corpus solely to the jurisdiction of the convicting court. Ex Parte Olsen, 74 Idaho 400, 263 P.2d 388 (1953). Respondent insists that we should adhere to this position in the instant case. The state argues that petitioner cannot be granted relief upon habeas corpus as he has failed to allege that his sentence was illegal or even suggest that the court pronouncing judgment and imposing sentence was without jurisdiction to so act.

In many jurisdictions, the courts state that they are limited in habeas corpus pro-

ceedings, either by statute or by precedent to a simple remand or discharge of the prisoner. It is understandable that these courts might hesitate to grant full release to a petitioner whose guilt is beyond doubt.

■ A different rule prevails in Idaho. The writ of habeas corpus is recognized by the Declaration of Rights in the Idaho Constitution. Article 1, § 5. Although the legislature has made and provided reasonable regulation for its use (I.C. §§ 19–4201 through 19–4236), the writ is not a statutory remedy, but rather a remedy recognized and protected by the Idaho Constitution. While the legislature (absent certain contingencies) is without power to abridge this remedy secured by the Constitution, it may add to the efficacy of the writ. Statutes are usually enacted for this purpose and should be construed so as to promote the effectiveness of the proceeding. 39 C.J.S. Habeas Corpus § 3 (1944).

■ By virtue of both precedent and statutory authority, our courts are not limited to a simple remand or discharge of the prisoner, but may "dispose of such party as the justice of the case may require." I.C. § 19–4212. Matter of McLeod, 23 Idaho 257, 128 P. 1106, 43 L.R.A.,N.S., 813 (1913). This consideration would seem to eliminate the major reason why courts have been hesitant to employ habeas corpus in this type of case. Coffin v. Reichard, 143 F.2d 443, 155 A.L.R. 143 (6th Cir., 1944).

■ Moreover, in Johnson v. State, supra, 85 Idaho at 128–129, 376 P.2d p. 707, we quoted from Council v. Clemmer, 83 U.S. App.D.C. 42, 165 F.2d 249 (1947), as follows:

"* * * the limitations upon the remedy afforded by habeas corpus should be flexible and readily available to prevent manifest injustice, for, as Mr. Justice Black has expressed it, the principles judicially established for the delimitation of habeas corpus action 'must be construed and applied so as to preserve—not destroy—constitutional safeguards of human life and liberty.' * * *"

In prior habeas corpus cases, while we have been quick to guard constitutional freedoms, we have declined to exercise the high prerogative writ of habeas corpus in situations where petitioners have possessed other adequate remedies. In the instant case, however, we must face the unique fact that if we deny petitioner's application he will be in the unfortunate and medieval position of possessing a right for which there exists no remedy. Unless we wish to destroy petitioner's constitutionally guaranteed right to be secure from cruel and unusual punishment, we must hold that the writ of habeas corpus may issue in this type

of situation. In re Riddle, 57 Cal.2d 848, 22 Cal.Rptr. 472, 372 P.2d 304 (1962) ; In re Jones, 57 Cal.2d 860, 22 Cal.Rptr. 478, 372 P.2d 310 (1962).

The state contends that this is strictly a matter of prison discipline and that it is not within the province of the courts to supervise the treatment of prisoners in the penitentiary.

■■ We are in general agreement with the state's position on this matter. The supervision and maintenance of prisons is a function of the executive branch of our government. The State Board of Corrections is the body which has been expressly granted the control, direction and management of the penitentiary of the State of Idaho. Idaho Const. art. 10, § 5; I.C. § 20–209. While courts have inherent power to control and prevent abuse of their orders and processes, Pond v. Babcock, 50 Idaho 400, 296 P. 596 (1931), 21 C.J.S. Courts § 88 (1940), they do not have jurisdiction to supervise matters of ordinary prison discipline. Idaho Const. art. 2, § 1.

■ However, petitioner has alleged facts which go beyond mere "prison discipline." It is admitted in the respondent's brief that if these facts are true, some are "inexcusable and shocking." There can be little doubt but what petitioner has alleged a prima facie case of cruel and unusual punishment. Most jurisdictions seem to

adhere to the rule that while ordinarily courts will not interfere in prison affairs, an exception will be made in cases involving a prisoner's constitutional right to be secure from cruel and unusual punishment. Hughes v. Turner, 14 Utah 2d 128, 378 P.2d 888 (1963) ; Harris v. Settle, 322 F.2d 908 (8th Cir., 1963) ; In re Baptista's Petition, 206 F.Supp. 288 (W.D.Mo., 1962). See also: Application of Brux, 216 F.Supp. 956 (D.C. Ha., 1963) ; In re Riddle, supra; In re Jones, supra; Coffin v. Reichard, supra; McBride v. McCorkle, 44 N.J.Super. 468, 130 A.2d 881 (1957).

Because of the fact that we may not, on an application for a writ of habeas corpus, dispute the veracity of the allegations contained in the petition, it is foreseeable that any number of fabrications could be employed in order that the writ might issue. If such tactics are used, this court will not hesitate to deal harshly, through either its power of contempt or by reference to the proper authorities for prosecution on the charge of perjury, against those who would employ fraud and deceit to win a minor legal victory. Any individual who attempts to make a mockery out of procedures designed to benefit the wronged is tampering with the very foundation of our judicial process and risks having additional punishment imposed.

The orders of the trial courts in denying the petitions for writs of habeas corpus are

reversed, and the cause is remanded for further proceedings by the trial court.

KNUDSON, C. J., McFADDEN and TAYLOR, JJ., and ANDERSON, D. J., concur.

———◆———

Rulon R. Price, Idaho Falls, for appellant.