415 P.2d 679

**Henry W. GOFF, Plaintiff-Appellant,**

v.

**STATE of Idaho, Defendant-Respondent.**

**No. 9725.**

Supreme Court of Idaho.

June 20, 1966.

Marion J. Callister, Boise, for appellant.

Allan G. Shepard, Atty. Gen., and William D. Collins, Asst. Atty. Gen., Boise, for respondent.

TAYLOR, Justice.

Plaintiff (appellant), an inmate of the state penitentiary, filed a petition for writ of habeas corpus, prepared by himself without the aid of counsel. In his petition he alleges that he was detained in the county jail in Shoshone county from seven to eight months before being committed to the state penitentiary for a term of not more than twenty years upon a conviction of robbery. He specifically alleges that his rights were violated during the course of his imprisonment in the county jail in two particulars: first, that he was subjected to cruel and unusual punishment, and second, that he was incarcerated with prisoners who had been convicted and sentenced, without being separated from such other prisoners, as required by I.C. § 20–603. The cruelty alleged, consisted of being tormented by other prisoners and by the jailer and deputy sheriff. The trial court correctly held that these complaints concerned past events, and raised issues now moot. The conditions or legality of plaintiff's detention in the county jail, did not deprive the district court of jurisdiction to enter judgment upon conviction, nor affect the validity of that judgment. Hence such complaints cannot now be urged as a ground for discharge in this proceeding. Franklin v. State, 87 Idaho 291, 392 P.2d 552 (1964); Cobas v. Clapp, 79 Idaho 419, 319 P.2d 475 (1957); Victoria v. Young, 80 Nev. 279, 392 P.2d 509, 511

(1964); Wears v. Hudspeth, 167 Kan. 191, 205 P.2d 1188, 1189 (1949).

It does not appear from the petition whether plaintiff entered a plea of guilty, or whether he was convicted by a jury. He indicates in his petition that he had an attorney who was appointed by the district judge, and that he had been given a preliminary hearing. However, the petition contains allegations which tend to raise an issue as to whether the plaintiff entered a plea of guilty by reason of coercion arising out of the treatment complained of while he was in the county jail. He alleges that he was near a nervous breakdown because of the treatment by other prisoners, the jailer and the deputy sheriff; that the deputy sheriff used vile epithets and names in addressing him; told him that he should plead guilty and "get it over with" and "save the county extra expense"; and that was his only chance to get off easy, and the only way he would get out of the county jail.

In Johnson v. State, 85 Idaho 123, 376 P.2d 704 (1962), it was held that a petition for writ of habeas corpus should be liberally construed and that such construction is particularly applicable in a case where the petition was prepared by a prisoner unlearned in the law and without the aid of counsel. In that case also this court quoted with approval from Council v. Clemmer, 83 U.S. App.D.C. 42, 165 F.2d 249 (1947), a ruling that a petition such as we have here may be considered as amplified by the brief of counsel for the petitioner. Eminent counsel appointed for plaintiff by this court has filed an excellent brief in which he urges that the torment and abuse to which plaintiff alleges he was subjected, and the constant persuasion of the deputy sheriff, resulted in a plea of guilty by coercion.

■ Giving the petition a broad and liberal construction, it was sufficient to invoke the jurisdiction of the district court to issue the writ and give plaintiff a hearing thereon, for the purpose of determining whether the allegations of the petition are true and whether a plea of guilty was entered by reason of coercion.

"Where it is found by the court that the plea of guilty was not voluntarily and intelligently made, the motion [to withdraw plea] should be granted on the theory that a plea of guilty obtained through duress, fraud, undue influence, or without understanding its true import, is in reality not a plea of guilty and will not support a judgment of conviction." State v. Raponi, 32 Idaho 368, 373, 182 P. 855 (1919). State v. Lawrence, 70 Idaho 422, 220 P.2d 380 (1950); State v. Poglianich, 43 Idaho 409, 252 P. 177 (1927).

The order denying the writ is reversed and the cause is remanded to the district court for further proceedings.

McFADDEN, C. J., and McQUADE, SMITH and SPEAR, JJ., concur.