563 P.2d 405

**STATE of Idaho, Plaintiff-Respondent, and Cross-Appellant,**

v.

**Roger REESE, Defendant-Appellant, and Cross-Respondent.**

**Nos. 12014 and 12015.**

Supreme Court of Idaho.

April 27, 1977.

Peter D. McDermott, McDermott & McDermott, Pocatello, for defendant-appellant, and cross-respondent.

Wayne L. Kidwell, Atty. Gen., P. Mark Thompson, Asst. Atty. Gen., Boise, for plaintiff-respondent, and cross-appellant.

SCOGGIN, District Judge (Ret.).

Roger Reese, the defendant below, was convicted upon a plea of guilty to the crime of lewd and lascivious conduct with a child under the age of sixteen. On June 4, 1975, he was sentenced to serve an indeterminate term not to exceed fifteen years at a site to be determined by the State Board of Corrections. On June 6, 1975, the trial court entered a supplemental order which required that Reese be segregated from the general prison population and be held in the mental medical facility at the Idaho State Correctional Institution; it further required that the trial court be advised prior to Reese's transfer from that facility.

Reese appeals from the fifteen year sentencing as unduly harsh, while the State brings its appeal from the subsequent order that required Reese to be placed in the mental medical facility. The appeals are consolidated here for our review. For the reasons outlined below, we affirm in part and reverse in part.

 It is well settled in Idaho that the pronouncement of sentence to be imposed lies within the sound discretion of the trial court, and that a sentence fixed within the limits prescribed by statute will not ordinarily be considered an abuse of discretion. *State v. Mooneyham,* 96 Idaho 145, 525 P.2d 340 (1974); *State v. Trowbridge,* 95 Idaho 640, 516 P.2d 362 (1973); *State v. Ogata,* 95 Idaho 309, 508 P.2d 141 (1973); *State v. Dunn,* 91 Idaho 870, 434 P.2d 88 (1967); *King v. State,* 91 Idaho 97, 416 P.2d 44 (1966); *State v. Gish,* 89 Idaho 334, 404 P.2d 595 (1965). I.C. § 18–6607 provides for a maximum sentence of life imprisonment for the crime of lewd and lascivious conduct with a minor. A fifteen year sentence is well within its limits.

Defendant's presentence report reveals a substantial record of prior criminal activity. His history of criminal and antisocial behavior ranges from such crimes as assault to sodomy to grand larceny. The conclusion of the trial judge that defendant Reese is "potentially dangerous particularly to young people" stands well supported in the record.

We affirm the defendant's sentence of an indeterminate term not to exceed fifteen years. The subsequent order of the court requiring Reese to be placed in the mental medical facility, however, we must reverse.

 The supervision and maintenance of prisons in the State of Idaho is a function of the executive branch of the government; the State Board of Correction is the body which has been expressly granted the control, direction and management of the state penitentiary. Idaho Const., Art. 10 § 5; I.C. § 20–209; *Mahaffey v. State,* 87 Idaho 228, 392 P.2d 279 (1964); *Burge v. State,* 90 Idaho 473, 413 P.2d 451 (1966). The Board of Correction also has the responsibility for the operation and management of the Idaho security medical facility for mentally ill persons who require treatment in a maximum security setting. I.C. § 66–1301. Section 66–1304 of the Idaho Code indicates the possible sources of patients admitted to this facility. No allowance is made for the direct commitments by a trial court of a person convicted of a crime. The power to make the final decision regarding the admission or discharge of patients in this facility rests with the director of correction. I.C. § 66–1306.

Thus the order of the trial court of June 6, 1975, which required the defendant's placement in the medical facility, exceeded that court's authority. Certainly, the court's recommendations as to the placement of a prisoner for treatment are entitled to great weight; the legislature, how-

ever, has seen fit to rest the final discretion for this decision with the administration of the prison.

The order requiring the defendant be held in the Idaho security medical facility is reversed.

The sentence appealed from is affirmed and the supplemental order reversed.

McFADDEN, C. J., DONALDSON, BISTLINE, JJ., and DUNLAP, District Judge (Ret.), concur.