# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39246

| | | |
|---|---|---|
| FINIS EUGENE WHITE, | ) | 2012 Unpublished Opinion No. 389 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 5, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| TEREMA CARLIN, ROYCE CRESSWELL, | ) | THIS IS AN UNPUBLISHED |
| WENDY GEBHART, RENAE JAMES, | ) | OPINION AND SHALL NOT |
| ADENA LUNDERS, and GALE MUNDEN, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Michael J. Griffin, District Judge.

Judgment dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Finis Eugene White, Boise, pro se appellant.

Respondents did not participate on appeal.

---

LANSING, Judge

Finis Eugene White appeals from the dismissal of his petition for a writ of habeas corpus. White asserts that his placement in a sex offender treatment program constitutes unlawful punishment. For the reasons set forth below, we affirm.

## I.

## BACKGROUND

According to White's petition and appellate brief, White was charged with rape in 2003, the charge was amended to burglary, and he was convicted of the amended charge of burglary. White also indicates that he was convicted in 2004 of forgery and two counts of trafficking. Apparently, the sentences for his convictions of burglary and forgery have been satisfied, and he is now serving the indeterminate portion of his trafficking sentences. White asserts that in July 2009, the Idaho Department of Correction (IDOC) assigned him to a sex offender treatment program, and that he has refused to participate in the program. He further asserts that in January

1

2011, the Commission of Pardons and Parole granted him an "open parole date" conditioned on the successful completion of any programming recommended by the IDOC. It appears that White submitted a series of escalating concern and grievance forms with various individuals within the IDOC in which he expressed his desire to be transferred out of the sex offender treatment program. White's requests were denied. White then filed a petition for a writ of habeas corpus and a motion for the appointment of counsel. The district court concluded that White failed to state any ground upon which a writ of habeas corpus could be granted, and denied both his petition and his motion for appointment of counsel on the day they were filed. White appeals.[1]

## II.

## ANALYSIS

The various issues raised in White's petition and appeal center on two claims. First, White asserts that his placement in the sex offender treatment program constitutes unlawful punishment for a dismissed charge of rape and his burglary conviction. Second, White asserts that his placement in the sex offender treatment program violates his Fifth Amendment rights.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention. Its purpose is to secure release where custody is illegal, and it is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robinson*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). A prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Although Idaho Code § 19-4203 specifies permissible grounds for habeas relief, the writ of habeas corpus is not only a statutory remedy, but rather a remedy recognized and protected by Article I, Section 5 of the Idaho

---

[1] In his appellate brief, White asserts that the parole board has since voided his open parole date after reviewing a disciplinary offense report concerning White's refusal of the sex offender treatment program. However, White is not challenging the denial of his parole.

2

Constitution. *Mahaffey*, 87 Idaho at 231, 392 P.2d at 280; *Dopp v. Idaho Comm'n of Pardons & Parole*, 139 Idaho 657, 660, 84 P.3d 593, 596 (Ct. App. 2004). As a result, a writ of habeas corpus is the proper mechanism to raise a claim that the denial of parole resulted in unlawful confinement, even though such a claim is not grounded in the statute. *Dopp*, 139 Idaho at 660, 84 P.3d at 596 (citing *Cole v. State*, 135 Idaho 107, 110 n.1, 15 P.3d 820, 823 n.1 (2000)).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989).

White's allegations do not present conventional grounds for a writ habeas corpus; he does not assert any of the grounds for habeas relief stated in Idaho Code § 19-4203(2)(a)-(e), or challenge the lawfulness of his confinement as a result of the denial of parole. Instead, White seeks an injunction preventing the respondents from placing him in a sex offender treatment program and an order requiring the respondents to place him in programming related to his trafficking convictions, presumably so he can become qualified for parole. Nevertheless, we consider White's arguments because:

> [T]he limitations upon the remedy afforded by habeas corpus should be flexible and readily available to prevent manifest injustice, for, as Mr. Justice Black has expressed it, the principles judicially established for the delimitation of habeas corpus action "must be construed and applied so as to preserve--not destroy--constitutional safeguards of human life and liberty."

*Johnson*, 85 Idaho at 128-29, 376 P.2d at 707 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 465 (1938)).

White appears to argue that the IDOC cannot punish him for either burglary or rape by requiring him to complete the sex offender treatment program because: (1) he was not convicted of rape; (2) he has already satisfied his sentence for the amended charge of burglary; (3) burglary

3

is not a sex crime;[2] and (4) a mental-health professional determined that he did not need the treatment. In support of his argument, White cites *Schuyler v. Roberts*, 175 P.3d 259 (Kan. 2008). In *Schuyler*, 175 P.3d at 265-66, the Kansas Supreme Court concluded that the classification of an inmate as a sex offender without a hearing violates due process if the classification places a significant burden on the prisoner, such as loss of personal property and visitation privileges, which is not imposed on prisoners who are not classified as sex offenders. However, White does not allege a due process violation for lack of a hearing, and does not allege any burden beyond the stigma of being placed in the sex offender treatment program. Thus, *Schuyler* is not persuasive authority here.

While we agree that the IDOC cannot punish a prisoner absent a conviction, and that the IDOC cannot continue to punish a prisoner for crimes after the maximum sentence has been satisfied, neither situation has occurred here. White incorrectly assumes that enrollment in a rehabilitative program is punishment. White similarly assumes, without providing any support, that the IDOC can place a prisoner in a rehabilitative program only if the prisoner has been convicted of a crime related to that program or if a mental-health professional has determined that treatment is necessary. It is well established that the State Board of Correction is charged with the control, direction, and management of the state penitentiary, and the care and maintenance of all prisoners. IDAHO CONST., art. X § 5; I.C. § 20-209; *State v. Reese*, 98 Idaho 347, 348, 563 P.2d 405, 406 (1977); *Mahaffey*, 87 Idaho at 232, 392 P.2d at 281. The care of prisoners may, at the discretion of the State Board of Correction, include rehabilitation services. I.C. § 20-209(2); *Reese*, 98 Idaho at 348-49, 563 P.2d at 406-07 (1977); *Shain v. Idaho State Penitentiary*, 77 Idaho 292, 297, 291 P.2d 870, 874 (1955). We are not aware of any authority that limits the exercise of the Board's discretion to providing treatment designed specifically for a select criminal offense. Such a rule would greatly curtail the Board's ability to prepare prisoners to reenter society. Accordingly, we reject White's arguments that his placement in the sex offender treatment program constitutes punishment for his rape charge or burglary conviction.

---

[2] We note that an element of burglary is entry with intent to commit any theft or any felony. I.C. § 18-1401. Although White admits to the burglary conviction, he does not disclose whether the intent element of his burglary conviction was based on an intent to commit rape. If so, then his rationale against placement in sex offender treatment dissolves.

White also argues that his placement in the sex offender treatment program violates his privilege against self-incrimination because he will be required to admit past sexual offenses for which he has not been convicted. The Fifth Amendment to the United States Constitution prohibits compelled disclosure of information that reasonably could be used in a criminal prosecution against that individual or that could lead to other evidence that could be so used. *State v. Jones*, 129 Idaho 471, 476, 926 P.2d 1318, 1323 (Ct. App. 1996). *See also State v. Heffern*, 130 Idaho 946, 950, 950 P.2d 1285, 1289 (Ct. App. 1997). Here, however, we do not need to address White's contention that his privilege against self-incrimination will be violated if he submits to sex offender treatment because White's claim is speculative and premature. Under the ripeness doctrine, a court will decline to address a claim unless: (1) the case presents definite and concrete issues; (2) a real and substantial controversy exists (as opposed to hypothetical facts); and (3) there is a present need for adjudication. *State v. Manley*, 142 Idaho 338, 342, 127 P.3d 954, 958 (2005); *Noh v. Cenarrusa*, 137 Idaho 798, 801, 53 P.3d 1217, 1220 (2002); *Boundary Backpackers v. Boundary County*, 128 Idaho 371, 376, 913 P.2d 1141, 1146 (1996). White asserts that participants in the sex offender treatment program are required to discuss their sexual offenses, and that such a requirement will violate his privilege against self-incrimination because he was not convicted of a sexual offense. White also anticipates that his invocation of the privilege against self-incrimination will result in his termination from the program and the denial of his parole. However, it does not appear that White has yet been asked to disclose any information about unadjudicated offenses, nor is there any evidence that the respondents would not respect his privilege against self-incrimination if it were invoked. At this stage, White's arguments are only hypothetical. Accordingly, White's claim of a violation of his privilege against self-incrimination is not ripe for review.

To the extent that White is asserting that his continuing confinement in prison--as opposed to his enrollment in the rehabilitative program--is unlawful and constitutes cruel and unusual punishment for the crime of burglary or rape, his argument is not supported by the record. According to White's appellate brief, he is currently serving the indeterminate portion of two trafficking sentences that do not expire until 2012, and 2016 respectively. Therefore, he has not demonstrated that his present imprisonment is unlawful.

White also requested an order for placement in a rehabilitative treatment program related to his trafficking convictions. We have recently reiterated that there is no fundamental right to

rehabilitation and that the State does not deprive an inmate of constitutional rights when it does not provide rehabilitative treatment. *Warren v. Craven*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Jan. 17, 2012); *State v. Hadley*, 122 Idaho 728, 731, 838 P.2d 331, 334 (Ct. App. 1992). Therefore, White is not entitled to the relief he requests.

## III.

## CONCLUSION

White has not demonstrated that his placement in the sex offender treatment program rendered his confinement unlawful. We decline to address White's Fifth Amendment claim because the issue is not ripe for review. Accordingly, we affirm the district court's order dismissing White's petition for a writ of habeas corpus.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**