**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44490**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2017 Unpublished Opinion No. 486** |
| | ) | |
| Plaintiff-Respondent, | ) | **Filed:  June 6, 2017** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **KIMBERLY ROSE HYATT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Defendant-Appellant. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. Molly J. Huskey; Hon. Davis F. Vandervelde, District Judges.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and MELANSON, Judge

_____

PER CURIAM

Kimberly Rose Hyatt pled guilty to three counts of delivery of a controlled substance, Idaho Code § 37-2732(a)(1)(A).  The district court sentenced Hyatt to concurrent unified sentences of twenty years, with eight years determinate on each count, and retained jurisdiction. Following the period of retained jurisdiction, the district court relinquished jurisdiction and ordered Hyatt's underlying sentences executed without reduction.

Hyatt filed an Idaho Criminal Rule 35 motion for correction of an illegal sentence, asserting that her sentences were illegal because the district court conditioned its decision to

1

retain jurisdiction on Hyatt's placement in the therapeutic community. The district court denied Hyatt's motion, finding that her sentences were not illegal. Hyatt appeals.

In *State v. Clements*, 148 Idaho 82, 87, 218 P.3d 1143, 1148 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new evidence tends to show that the original sentence was excessive. *Clements*, 148 Idaho at 87, 218 P.3d at 1148.

Hyatt argues the district court exceeded its authority by attaching a condition to its decision to retain jurisdiction--specifically, that Hyatt be placed in the therapeutic community. Hyatt relies on *State v. Reese*, 98 Idaho 347, 563 P.2d 405 (1977) for support. In *Reese*, the district court sentenced the defendant to serve an indeterminate term not to exceed fifteen years at a site to be determined by the State Board of Correction. *Id.* at 348, 563 P.2d at 406. The district court entered a supplemental order which required that the defendant be segregated from the general prison population and held in the mental medical facility at the Idaho State Correctional Institution. *Id.* On appeal, the Supreme Court affirmed Reese's sentence but reversed the supplemental order because it exceeded the district court's authority. *Id.* at 348-49, 563 P.2d at 406-07. The Supreme Court held the State Board of Correction is responsible for the control, direction, and management of the state penitentiary, including the mental medical facility. *Id.* at 348, 563 P.2d at 406. A court lacks the authority to directly commit a person to a particular program or facility. *Id.*

Here, however, the district court did not order the Department of Correction to place Hyatt in a particular program or facility. Rather, the district court conditioned its sentencing decision on placement in a particular program. While courts have the authority to recommend placement in a particular program or facility, and "the court's recommendations as to the placement of a prisoner for treatment are entitled to great weight," the district court's condition here falls somewhere in between a direct order and a recommendation. *Id.* at 348-49, 563 P.2d

2

406-07.  Regardless, the Court in *Reese* did not reverse the sentence, only the supplemental order.  Even assuming the order here was improper, Hyatt has failed to demonstrate that the underlying sentences are illegal.

The record supports the district court's finding that Hyatt's sentences were not illegal. Therefore, the district court properly denied Hyatt's motion.  Accordingly, we conclude no abuse of discretion has been shown, and the district court's order denying Hyatt's Rule 35 motion is affirmed.