## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 39666

| | | |
|---|---|---|
| TERRENCE J. MATTHEWS, | ) | 2012 Unpublished Opinion No. 569 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 1, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| WENDY GEBHART, ROYCE | ) | THIS IS AN UNPUBLISHED |
| CRESTWELL, DR. RICHARD CRAIG, and | ) | OPINION AND SHALL NOT |
| IDOC EMPLOYEES, | ) | BE CITED AS AUTHORITY |
| | ) | |
| Respondents. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Clearwater County. Hon. Michael J. Griffin, District Judge.

Order dismissing petition for writ of habeas corpus, affirmed.

Terrence J. Matthews, Boise, pro se appellant.

Wendy Gebhart, Royce Crestwell, Dr. Richard Craig and IDOC Employees, respondents, did not participate on appeal.

_____

MELANSON, Judge

Terrence J. Matthews appeals from the dismissal of his petition for writ of habeas corpus. For the reasons set forth below, we affirm.

Matthews was convicted of two counts of lewd conduct with a child under sixteen and two counts of sexual abuse of a child under sixteen. On October 25, 2011, Matthews filed a petition for writ of habeas corpus. On October 28, the district court filed a notice of intent to dismiss Matthews' petition within twenty days because the petition did not allege any grounds for relief pursuant to I.C. § 19-4203(2). On November 7, Matthews filed an amended petition. On December 23, the district court entered an order dismissing Matthews' petition because the amended petition still did not allege any proper grounds for relief. Matthews appeals.

Matthews argues that the district court erred by dismissing his petition for writ of habeas corpus. The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-

1

4201 to 19-4229; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan,* 122 Idaho at 917, 841 P.2d at 447.

Matthews alleges that, while on parole, he was arrested and his parole was revoked due to his failure to pass a polygraph examination. Matthews also alleges that, after he presented a video to the Idaho Commission of Pardons and Parole at a hearing on his self-initiated progress report that showed he did not fail the polygraph examination, the Commission granted Matthews a tentative release date. Mathews asserts that, before he could be released, he was required by the Idaho Department of Correction (IDOC) to complete a sex offender treatment program. Matthews argues that, after the hearing before the Commission, the IDOC had a duty to release Matthews back on parole to the same position as if he was never arrested. However, Matthews does not allege (and we know of no statute or case law indicating) that requiring a convicted sex offender to complete a sex offender treatment program prior to being released on parole raises any constitutional questions. As explained above, habeas corpus relief for an in-state prisoner is limited to the grounds stated in I.C. §§ 19-4203(2)(a)-(e). Accordingly, the district court's order dismissing Matthews' petition for writ of habeas corpus for failure to allege any proper grounds for relief is affirmed.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**

2