IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41302

| STEPHEN J. KINGSLEY, | ) | 2014 Unpublished Opinion No. 341 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 30, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RANDY BLADES, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Order summarily dismissing petition for writ of habeas corpus, affirmed.

Stephen J. Kingsley, Boise, appellant pro se.

Hon. Lawrence G. Wasden, Attorney General; Leslie M. Hayes, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Steven J. Kingsley appeals from the summary dismissal of his petition for writ of habeas corpus relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1986, Kingsley was convicted of misdemeanor lewd conduct with a minor. In 2012, he was again charged with lewd conduct with a minor. Pursuant to a plea agreement, Kingsley pled guilty to injury to a child and agreed to undergo a psychosexual evaluation. Kingsley's evaluation revealed he was a high risk to reoffend and that Kingsley was not amenable to treatment. At sentencing, the State argued that Kingsley offered alcohol and drugs to a developmentally disabled child in order to sexually abuse the child. Upon entry to the Idaho Department of Correction (IDOC), Kingsley was assigned a recommended treatment program. Kingsley's treatment program included a recommendation to complete the Sex Offender Treatment Program (SOTP). The recommendation to complete the program was based on

1

Kingsley's risk to reoffend, his previous lewd conduct conviction, and his current injury to a child conviction. Participation in the IDOC recommended treatment programs is voluntary.

Kingsley filed a petition for writ of habeas corpus relief. He alleged the IDOC was illegally enhancing his sentence by forcing him to participate in the SOTP. Blades filed a motion to dismiss or, alternatively, for summary judgment. The district court granted the motion for summary judgment. Kingsley timely appeals.

## II.

## ANALYSIS

The writ of habeas corpus is a constitutionally-mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. § 19-4203(2)(a)-(e). Habeas corpus may not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on an application for a writ of habeas corpus, the decision by the petitioned court to dismiss the application without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an Idaho

2

Rule of Civil Procedure 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

Kingsley alleges his due process rights were violated when the IDOC labeled him as a sex offender and compelled him to complete the SOTP. To determine whether an individual's due process rights under the Fourteenth Amendment to the United States Constitution have been violated, a court undertakes a two-step analysis. It first determines whether the individual's threatened interest is a liberty or property interest under the Fourteenth Amendment. *Schevers v. State*, 129 Idaho 573, 575, 930 P.2d 603, 605 (1996); *Smith v. Meridian Joint Sch. Dist. No. 2*, 128 Idaho 714, 722, 918 P.2d 583, 591 (1996). Only if the court finds a liberty or property interest will it proceed to the next step, in which it determines the extent of due process procedural protections. *Smith*, 128 Idaho at 722, 918 P.2d at 591. The United States Supreme Court held that any liberty interest that is protected is generally limited to an interest in freedom from restraint which imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In other words, courts look at whether the restrictions constitute a dramatic departure from the basic conditions of prison life. *Id*. at 484-85. The Idaho Supreme Court adopted the "atypical and significant hardship" test in *Schevers*, holding the test is applicable to claims arising under the Idaho Constitution's Due Process Clause. *Schevers*, 129 Idaho at 575-78, 930 P.2d at 605-08.

Kingsley relies on *Neal v. Shimoda*, 131 F.3d 818, 821 (9th Cir. 1997). In *Neal*, the Ninth Circuit reviewed the due process rights of two prisoners. The prisoners alleged their rights were violated because Hawaii labeled them as sex offenders, required they complete the sex offender treatment program, and conditioned their parole on completion of the treatment program. *Id.* at 827. One of the prisoners had no previous sexual offenses. This prisoner was indicted on charges of sexual offenses, but the charges were dropped pursuant to a plea agreement. Because the prisoner had no previous sexual offense convictions, and the prison did not give notice or an opportunity to defend against such charges, the prison improperly forced the prisoner to obtain sex offender treatment and improperly labeled the prisoner as a sex offender. However, the other prisoner had received appropriate due process safeguards because he had previously been convicted of a sex offense.

3

Here, Kingsley was not compelled to attend the recommended treatment program offered by the IDOC. The program is completely voluntary. Further, Kingsley's parole is not conditioned on whether he attends the program. Whether a defendant is granted parole is within the "complete discretion of the [parole] Commission." IDAPA 50.01.01.250. Kingsley has failed to show that he was compelled to attend the treatment program or establish his potential parole is conditioned on completion of the SOTP.

Kingsley asserts that the IDOC "labeled" him as a sex offender by recommending he obtain sex offender treatment; however, regardless of the asserted "label," the recommendation was appropriate. The IDOC recommendation was based on Kingsley's previous sexual offense conviction, his psychosexual evaluation, and his current conviction of injury to a child. The State argued at Kingsley's sentencing that alcohol and drugs were offered for sexual abuse purposes, and Kingsley agreed to take a psychosexual examination as part of the plea agreement. Though the injury to a child statute's title does not expressly indicate Kingsley's crime was a sexual offense, for the purpose of recommending voluntary treatment, the agreement that he obtain a psychosexual evaluation and the context at sentencing provides a basis for recommended sex-based treatment. Kingsley does not have a right to early release from his term of imprisonment and his choice not to attend the voluntary SOTP program does not violate any of his constitutional rights.

Kingsley also claims the district court's refusal to include the IDOC, the Board of Correction, and the Parole Commission as named parties requires reversal. However, pursuant to the habeas relief statutes, these parties would be improperly named. *See* I.C. § 19-4205(5).

Blades requests attorney fees on appeal; however, we cannot say Kingsley's appeal is wholly frivolous.

## III.

## CONCLUSION

The district court did not abuse its discretion in summarily dismissing Kingsley's petition for writ of habeas corpus relief. Thus, we affirm the summary dismissal of Kingsley's habeas corpus petition. We decline to grant Blades attorney fees on appeal.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

4