IN THE COURT OF APPEALS OF THE STATE OF IDAHO

Docket No. 41555

| | |
|---|---|
| RICHARD BERGESEN, | 2014 Unpublished Opinion No. 552 |
| Petitioner-Appellant, | Filed: June 11, 2014 |
| v. | Stephen W. Kenyon, Clerk |
| BRENT REINKE, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Respondent. | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Judgment dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Richard Bergesen, Boise, pro se appellant.

Brent Reinke, respondent, did not appear.

_____

MELANSON, Judge

Richard Bergesen, an inmate in the Idaho Department of Correction (IDOC), filed a petition for writ of habeas corpus. Bergesen's petition consisted of over 200 pages of various facts, allegations, notes to himself, letters to judges, IDOC disciplinary reports, and grievance forms. As far as the district court could discern, the petition raised issues regarding conditions of confinement and challenged Bergesen's underlying conviction. The district court dismissed the claims challenging Bergesen's conviction as being outside the scope of a proper habeas petition. The district court also notified Bergesen that his petition needed to demonstrate Bergesen was personally subject to unconstitutional conditions of confinement and that Bergesen exhausted his administrative remedies. The district court determined that Bergesen's petition did not comply with I.R.C.P. 8(a)(1), in that it did not contain a short and plain statement of the claim showing Bergesen is entitled to relief. The district court instructed Bergesen to file an amended petition setting forth the specific allegations he sought to assert in a short and succinct manner. The district court also instructed Bergesen to demonstrate he exhausted his administrative remedies covering each contention raised. Bergesen filed a motion for reconsideration and the district

1

court denied the motion. Bergesen failed to file an amended petition and the district court dismissed the remaining claims.[1] Bergesen appeals.

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion, acted within the boundaries of such discretion, and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447.

Bergesen argues the district court did not put forth the necessary time, effort, and research to afford him due process and equal protection of the law under the U.S. Constitution. However, Bergesen fails to provide any coherent argument or authority with respect to how the

---

[1]	The district court dismissed the claims challenging the underlying conviction with prejudice and the conditions of confinement claim without prejudice.

2

district court erred.  A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997).  Thus, Bergesen has waived all issues on appeal.  Accordingly, we affirm the district court's judgment dismissing Bergesen's petition for habeas corpus relief.

Chief Judge GUTIERREZ and Judge GRATTON, **CONCUR.**