# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 42135

| | | |
|---|---|---|
| **MICHAEL A. DOTTS,** | ) | **2014 Unpublished Opinion No. 814** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 14, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **WARDEN LITTLE,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Daniel C. Hurlbutt, District Judge.

Judgment dismissing petition for writ of habeas corpus, <u>affirmed</u>.

Michael A. Dotts, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark A. Kubinski, Deputy Attorney General, Boise, for respondent, did not participate on appeal.

---

GUTIERREZ, Chief Judge

Michael A. Dotts appeals pro se from the judgment of the district court dismissing his petition for a writ of habeas corpus. For the reasons that follow, we affirm.

## I.

## FACTS AND PROCEDURE

In 2000, Dotts pleaded guilty to forgery and to grand theft. For the forgery count, Dotts was sentenced to a unified sentence of twelve years, with five years determinate. For the grand theft count, Dotts was sentenced concurrently to a unified sentence of twelve years, with five years determinate. It is not clear from the record, but it appears that Dotts was paroled on three occasions and that he was determined to have violated the conditions of his parole each time.[1]

---

[1] Dotts was first paroled in April 2005 and, according to Dotts, he was also paroled in 2007 and 2010. Dotts acknowledges that he absconded from parole from November 2007 to February 2008. Additionally, in a form submitted to the Idaho Commission for Pardons and Parole, Dotts

1

Nonetheless, documents in the record and Dotts' briefing agree that the Idaho Commission of Pardons and Parole (the Commission) forfeited 1,203 days of parole for each count. In 2012, the Commission denied Dotts parole and passed Dotts to a full-term release date in July 2015. Had Dotts successfully completed his parole, Dotts contends he would have completed his unified sentence in April 2012.

In 2014, Dotts filed a pro se petition for a writ of habeas corpus. Relevant to this appeal, Dotts argued that the Commission's decision to forfeit Dotts' time while on parole illegally extended his term in custody beyond the statutory maximum sentence and argued that the forfeiture of his parole leads to cruel and unusual punishment. Dotts also contended that the "combined force and effects of Idaho Code 20-210 and Idaho Code 20-228" violate the Privileges or Immunities Clause of the Fourteenth Amendment. The district court dismissed the petition with prejudice before service upon Warden Little. *See* Idaho Code § 19-4209 (providing the district court with the authority under certain conditions to dismiss a petition for a writ of habeas corpus prior to service upon the respondent). Dotts appeals.

## II.

## STANDARD OF REVIEW

The writ of habeas corpus is a constitutionally mandated mechanism to effect the discharge of an individual from unlawful confinement. *See* IDAHO CONST. art. I, § 5; I.C. §§ 19-4201 to 19-4226; *Mahaffey v. State*, 87 Idaho 228, 231, 392 P.2d 279, 280 (1964); *Gawron v. Roberts*, 113 Idaho 330, 333, 743 P.2d 983, 986 (Ct. App. 1987). The essence of habeas corpus is an attack upon the legality of a person's detention for the purpose of securing release where custody is illegal and is an avenue by which relief can be sought where detention of an individual is in violation of a fundamental right. *In re Robison*, 107 Idaho 1055, 1057, 695 P.2d 440, 442 (Ct. App. 1985). An in-state prisoner may file a petition for a writ of habeas corpus to request that a court inquire into state or federal constitutional questions concerning conditions of confinement, the revocation of parole, miscalculation of a sentence, loss of good time credits, or detainers lodged against the prisoner. I.C. §§ 19-4203(2)(a)-(e). Habeas corpus should not be used as a substitute for, or in addition to, a direct appeal of a criminal conviction or proceeding

noted that he had been convicted in Oregon of felony eluding and felon in possession of a weapon, based on conduct occurring in 2011.

under Idaho Criminal Rule 35 or the Uniform Post-Conviction Procedures Act. I.C. § 19-4203(4).

The decision to issue a writ of habeas corpus is a matter within the discretion of the court. *Johnson v. State*, 85 Idaho 123, 127, 376 P.2d 704, 706 (1962); *Brennan v. State*, 122 Idaho 911, 914, 841 P.2d 441, 444 (Ct. App. 1992). When we review an exercise of discretion in a habeas corpus proceeding, we conduct a three-tiered inquiry to determine whether the lower court rightly perceived the issue as one of discretion; acted within the boundaries of such discretion; and reached its decision by an exercise of reason. *Brennan*, 122 Idaho at 914, 841 P.2d at 444; *Sivak v. Ada County*, 115 Idaho 762, 763, 769 P.2d 1134, 1135 (Ct. App. 1989). If a petitioner is not entitled to relief on a petition for a writ of habeas corpus, the decision by the petitioned court to dismiss the petition without an evidentiary hearing will be upheld. *Brennan*, 122 Idaho at 917, 841 P.2d at 447. When a court considers matters outside the pleadings on an Idaho Rule of Civil Procedure 12(b)(6) motion to dismiss, such motion must be treated as a motion for summary judgment. *Hellickson v. Jenkins*, 118 Idaho 273, 276, 796 P.2d 150, 153 (Ct. App. 1990).

## III.

## ANALYSIS

On appeal, Dotts argues that the Commission's decision to forfeit his parole illegally extended his term in custody beyond the statutory maximum sentence and argues that the forfeiture of his parole has led to cruel and unusual punishment. Dotts also contends that the "combined force and effects of Idaho Code 20-210 and Idaho Code 20-228" violate the Privileges or Immunities Clause of the Fourteenth Amendment.

### A. Forfeiture of Parole

On appeal, Dotts reiterates two arguments that he raised below concerning the Commission's decision to forfeit Dotts' parole, leading to a term in custody beyond the statutory maximum sentence. Under I.C. § 19-2513(1), a convicted felon is sentenced to the custody of Idaho Department of Correction (the Department). The sentencing court must specify a minimum period of confinement--the determinate period--during which "the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(7), Idaho Code." I.C. § 19-2513(1). In the judgment, the sentencing court may specify an indeterminate period and "[t]he offender may be considered for parole or discharge at any time during the indeterminate period of the sentence

and as provided in section 20-223(7), Idaho Code." I.C. § 19-2513(1). The unified sentence imposed by the sentencing court, containing both the determinate and indeterminate period, must not exceed the statutory maximum sentence. *Id.*

During the indeterminate period of an offender's sentence, the Commission may parole an offender "when, in the discretion of the commission, it is in the best interests of society, and the commission believes the prisoner is able and willing to fulfill the obligations of a law-abiding citizen." I.C. § 20-223(4). While a parolee is on parole, the Commission is permitted to issue a warrant for the arrest of a parolee if the Commission finds that the parolee may have violated the conditions of parole. I.C. § 20-228. The issuance of the warrant suspends the parolee's parole until a determination on the merits of the alleged violation. *Id.* If the parolee is found to have violated his parole, the parolee must serve out the remainder of his sentence. *Id.* The time that the parolee was on parole will not be counted towards the remainder of his sentence, unless the Commission, in its discretion, determines otherwise. *Id.* Nevertheless, the time spent on parole is a form of punishment. *Gibson v. Bennett*, 141 Idaho 270, 275, 108 P.3d 417, 422 (Ct. App. 2005). The Eighth Amendment prohibits the imposition of punishment so disproportionate that it is cruel and unusual. *Id.* Accordingly, the Eighth Amendment potentially limits the impact of I.C. § 20-228. *Winter v. State*, 117 Idaho 103, 107, 785 P.2d 667, 671 (Ct. App. 1989).

To address Dotts' first argument, it is well settled that I.C. § 20-228 permits the Commission to forfeit time spent on parole following a parole violation, thus allowing the Department to retain an offender in custody beyond the term that was imposed by the sentencing judge.[2] *E.g.*, *Gibson*, 141 Idaho at 274, 108 P.3d at 421 ("This provision permits the executive branch to retain an offender after his or her judicially imposed term has expired."); *Winter*, 117 Idaho at 106, 785 P.2d at 670 ("[T]he statute allows the Board of Correction, an agency of the executive branch of government, to retain an individual in custody beyond the term prescribed by the sentencing judge."). Even though I.C. § 20-228 permits the executive branch to retain an

---

[2] To the extent that Dotts argues that the legislature did not mean for Idaho Code § 20-228 to allow the executive branch to retain an inmate in custody beyond the statutory maximum term, we disagree. Statutory maximum sentences limit the sentence the sentencing judge may impose upon the offender. However, the Idaho Legislature also expressly permitted the executive branch to retain an offender in custody beyond the sentence imposed by the sentencing judge when the offender violated his parole and had his time spent on parole forfeited. Accordingly, there is no conflict between section 20-228 and the statutory maximum sentences.

offender beyond the time imposed by the sentencing judge, there are no separation of powers concerns, as this Court expressed in *Flores v. State*, 109 Idaho 182, 184, 706 P.2d 71, 73 (Ct. App. 1985), for I.C. § 20-228 was enacted by the Idaho Legislature "pursuant to both its inherent and express constitutional authority set out in the Idaho Constitution."

As for Dotts' second argument, "When deciding whether the effect of Section 20-228 results in disproportionate punishment, we take into account the time spent on parole as well as confinement." *Gibson*, 141 Idaho at 275, 108 P.3d at 422. "[W]e must first make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality." *Id.*; *accord Graham v. Florida*, 560 U.S. 48, 60 (2010). If there is an inference of gross disproportionality, "[we] should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Graham*, 560 U.S. at 60. If this comparative analysis confirms that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id.* The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *Gibson*, 141 Idaho at 275, 108 P.3d at 422.

When Dotts filed his petition for habeas corpus, he had been incarcerated for approximately ten and three-quarters years and he had been on parole for nearly three and one-third years. When he is released at the end of his full term, he will have been incarcerated for twelve years and been on parole for nearly three and one-third years. Comparing these figures to the gravity of forgery and of grand theft, we are persuaded that Dotts has not shown an inference of gross disproportionality. *Cf. id.* (finding no inference of gross disproportionality for the forfeiture of 314 days of parole with two consecutive, unified five-year felony DUI sentences). Accordingly, Dotts did not state a claim of a constitutional violation upon which relief may be granted. I.C. § 19-4209(1)(c).

**B.      Disenfranchisement**

In his petition for a writ of habeas corpus, Dotts averred that the Commission used its "forfeiture powers to practice [discrete] forms of discrimination against the poor, under-educated, and politically unrepresented." Specifically, Dotts asserted that the Commission disenfranchised him in violation of the Privileges or Immunities Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause. In his appellate brief, Dotts reiterates that Idaho law "abridge[s] Dotts' right to

participate in local and national elections through the forfeiture powers." However, on appeal, Dotts only argues a violation of the Privileges or Immunities Clause.

Under the Idaho Constitution, "No person is permitted to vote . . . who has, at any place, been convicted of a felony, and who has not been restored to the rights of citizenship, or who, at the time of such election, is confined in prison on conviction of a criminal offense." IDAHO CONST. art. VI, § 3; *see also* I.C. § 18-310(1) (suspending the rights of citizenship of any person who is sentenced to the custody of the Department). The rights of citizenship are generally restored to a person who is convicted of any Idaho felony upon the "*satisfactory* completion of imprisonment, probation and parole as the case may be." I.C. § 18-310(2) (emphasis added). The disenfranchisement of felons by states is permissible under the United States Constitution, and a state is permitted to disenfranchise a felon indefinitely. *Harvey v. Brewer*, 605 F.3d 1067, 1079 (9th Cir. 2010) ("[O]nce a felon is properly disenfranchised a state is at liberty to keep him in that status indefinitely and never revisit that determination."); *see Richardson v. Ramirez*, 418 U.S. 24, 54 (1974) ("[T]he exclusion of felons from the vote has an affirmative sanction in § 2 of the Fourteenth Amendment."). Accordingly, Dotts' argument that he has suffered a constitutional violation under the Privileges or Immunities Clause of the Fourteenth Amendment does not state a claim of a constitutional violation upon which relief may be granted.[3] I.C. § 19-4209(1)(c).

Finally, Dotts seemingly advances another argument concerning disenfranchisement and his rights under the Privileges or Immunities Clause. Dotts contends that a prisoner's political leanings impact the Commission's decision on whether to forfeit parole and, indirectly, permit a prisoner to be re-enfranchised. However, Dotts has presented only mere conjecture and no evidence of this practice nor evidence that Dotts' political leanings, even if known to the Commission's members, had any impact on the Commission's decision to forfeit his parole.

---

[3]  Additionally, the Privileges or Immunities Clause protects "those rights and privileges which, under the laws and Constitution of the United States, are incident to citizenship of the United States, but does not include rights pertaining to state citizenship and derived solely from the relationship of the citizen and his state established by state law." *Snowden v. Hughes*, 321 U.S. 1, 6-7 (1944). The United States Supreme Court has not recognized the right to vote in federal, state, or local elections as a privilege or immunity of United States citizenship. *See id.* at 7; *Minor v. Happersett*, 88 U.S. (21 Wall.) 162, 178 (1874); *Johnson v. Bredesen*, 624 F.3d 742, 752 (6th Cir. 2010).

### III.

### CONCLUSION

The arguments raised by Dotts on appeal do not state a claim of a constitutional violation upon which relief may be granted. Accordingly, Dotts' petition for a writ of habeas corpus was subject to dismissal prior to service upon Warden Little. *See* I.C. § 19-4209(1)(c). Hence, the district court did not abuse its discretion by dismissing Dotts' petition for a writ of habeas corpus. The judgment dismissing Dotts' petition for a writ of habeas corpus is affirmed.

Judge LANSING and Judge MELANSON, **CONCUR**.